Board of Barber Examiners — Legal Counsel Under the provisions of 59 O.S. 78 [59-78] (1961), the State Board of Barber Examiners does not have authority to hire outside private consultants. The Oklahoma State Board of Barber Examiners also does not have authority to hire outside attorneys for counsel. The Attorney General has had under consideration your recent letter in which you, in effect, inquire as follows: 1. Does the Oklahoma State Board of Barber Examiners have the authority to hire outside private consultants? 2. Does the Oklahoma State Board of Barber Examiners have the authority to hire outside attorneys for counsel? The authority of the Board of Barber Examiners to employ certain personnel is found in 59 O.S. 78 [59-78] (1961), which provides in pertinent part as follows: "The said Board of Barber Examiners shall have authority to hire inspectors in such numbers as they may deem advisable and as funds are available, and such additional office help as may be necessary from time to time. Such inspectors and members of said Board shall have authority to enter upon the premises and inspect any barber shop during business hours to ascertain whether such shop is complying with the provisions of this Act and the sanitary requirements prescribed by the Board of Examiners. . . ." The general rule concerning powers of an administrative agency was expressed in the first paragraph of the syllabus in Boydston v. State, Okl. 277 P.2d 138
(1954), where the court stated: "Generally, when boards or commissions are created by statute, their powers are limited to those granted by the applicable statute, which may not be enlarged by the board itself." The provisions of 59 O.S. 78 [59-78] (1961), supra, clearly limit the hiring by the Board to that of inspectors and such additional office help as may be necessary from time to time. The employment of outside private consultants does not come within these two employee classifications and therefore the Board is without authority to employ such personnel. It is, therefore, the opinion of the Attorney General that the Oklahoma State Board of Barber Examiners does not have the authority to hire outside private consultants. Relative to your second inquiry, Title 74 O.S. 18 [74-18] (1961), specifies that the Attorney General shall be the Chief Law Officer of the State and Section 18 (c) provides in pertinent part as follows: "Subject to the exceptions hereinafter set out, no State Officer, Board or Commission, except the Corporation Commission, the Board of Managers of the State Insurance Fund, the Oklahoma Tax Commission, the Commissioners of the Land Office, and the State Highway Commission, shall have authority to employ or appoint attorneys to advise or represent said Officer, Board or Commission, in any matter, and all the legal duties of such Officer, Board or Commission shall devolve upon and are hereby vested in the Attorney General; . . ." The statute which authorized the Board of Barber Examiners to employ certain personnel does not suggest legal representation of any kind, and 74 O.S. 18 [74-18](c), supra, expressly provides that no State Board, except those specifically enumerated, shall have authority to employ or appoint attorneys to advise or represent the Board, in any matter, and all the legal duties of such Board shall devolve upon and become vested in the Attorney General. It is, therefore, the opinion of the Attorney General that the Oklahoma State Board of Barber Examiners does not have authority to hire outside attorneys for counsel. (Gary F. Glasgow)